THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Sandra G.,
 James G., Frederick Y., Defendants,
 Of whom James
 G. is the Appellant.
 In the
 interest of a minor under the age of 18 years.
 
 
 
 

Appeal From York County
Alex Kinlaw, Jr., Family Court Judge

Unpublished Opinion No. 2012-UP-052
 Submitted January 2, 2012  Filed January
25, 2012    

AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED

 
 
 
 Thomas F. McDow and Erin K. Urquhart, both of Rock Hill, for
 Appellant.
 Adrienne Woods, of Rock Hill, for Respondent.
 Rosalee Hix Davis, of Lancaster, for
 Guardian ad Litem.
 
 
 

PER CURIAM: James
 G. (Stepfather) appeals the family court's order finding he abused his wife's
 (Mother) minor child (Child), ordering that his name be placed on the Central
 Registry of Child Abuse and Neglect, and ordering him to pay child support. 
 Stepfather argues the family court erred in (1) finding he abused Child, (2)
 ordering that his name be placed on the Central Registry of Child Abuse and
 Neglect, (3) ordering him to pay child support for Child, (4) relying on the
 Guardian ad Litem's (GAL) report when the GAL did not appear at trial or sign
 the report, and (5) issuing an order that failed to comply with the
 requirements of Rule 26(a), SCRFC.  We affirm in part, reverse in part, and
 remand for proceedings consistent with this opinion.
1. As to whether the family
 court erred in finding Stepfather abused Child, we affirm.  
"In appeals from the
 family court, the appellate court has the authority to find the facts in
 accordance with its view of the preponderance of the evidence."  Ex
 parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This
 broad scope of review does not, however, require the appellate court to
 disregard the findings of the family court."  Id. 
 "This degree of deference is especially true in cases involving the
 welfare and best interests of a minor child."  Id. at 62, 624
 S.E.2d at 652.
Section 63-7-20(4)(a) of the
 South Carolina Code (2010) defines child abuse as occurring  

 when
 the parent, guardian, or other person responsible for the child's welfare . . .
 inflicts or allows to be inflicted upon the child physical or mental injury or
 engages in acts or omissions which present a substantial risk of physical or
 mental injury to the child, including injuries sustained as a result of
 excessive corporal punishment . . . .  

In the instant case, Child stated Stepfather hit him in the chest, slapped
 him in the face and head, and verbally abused him.  Child claimed
 Stepfather hit him hard enough in the chest for him "to feel it for a few
 minutes" and that Stepfather hit him hard enough to leave bruises.  In
 addition, Child claimed Stepfather challenged him to a fight on numerous
 occasions.  Further, although he disputed the severity of Child's
 injuries, Stepfather admitted hitting Child in the chest and head, and Mother
 also testified that Stepfather had hit Child.  Finally, the DSS caseworker and Child's
 biological father testified Child had told them Stepfather was abusive.  Based
 on the foregoing evidence, the family court did not err in determining
 Stepfather's actions constituted abuse.  Accordingly, we affirm the family
 court's finding that Stepfather abused Child.  
2. As to whether the
 family court erred in ordering that Stepfather's name be placed on the Central
 Registry for Child Abuse and Neglect, we affirm.
Section 63-7-1940 of the
 South Carolina Code (2010) details the means by which a person is entered in
 the Central Registry and provides as follows:

 At a
 hearing pursuant to Section 63-7-1650 or 63-7-1660, at which the court orders
 that a child be taken or retained in custody or finds that the child was abused
 or neglected, the court:
 (1)
 must order that a person's name be entered in the Central Registry of Child
 Abuse and Neglect if the court finds that there is a preponderance of evidence
 that the person physically or sexually abused or willfully or recklessly
 neglected the child.  Placement on the Central Registry cannot be waived by any
 party or by the court.  

Because we find the family
 court did not err in finding Stepfather physically abused Child, we also find
 the family court did not err pursuant to section 63-7-1940 in ordering that
 Stepfather's name be placed on the Central Registry for Child Abuse and
 Neglect.  
3. As to
 whether the family court erred in ordering Stepfather to pay child support for
 Child, we reverse.  Stepfather is not
 Child's adoptive or biological father.  No South Carolina statutes or cases
 impose the obligation on third parties to pay child support.  Accordingly, we reverse
 the family court's order to the extent it imposes an obligation on Stepfather
 to pay child support and remand for a recalculation of child support based
 solely on Mother's obligation.  
4. As to whether the
 family court erred in relying on the GAL's report when the GAL did not sign the
 report or appear at the hearing, we affirm.  Stepfather's arguments are not
 preserved for appeal.  Stepfather did not object to the introduction of the
 GAL's report during the hearing.  See Spreeuw v. Barker, 385 S.C.
 45, 70-71, 682 S.E.2d 843, 856 (Ct. App. 2009) (finding a father's challenges
 to the GAL's report unpreserved when the father failed to object to the report
 and noting that a contemporaneous objection is required to preserve issues for
 appellate review).       
5. As to
 whether the family court's order violated Rule 26(a), SCRFC, we affirm.  Rule
 26(a), SCRFC, states that "[a]n order or judgment pursuant to an
 adjudication in a domestic relations case shall set forth the specific findings
 of fact and conclusions of law to support the court's decision."  Because
 the family court's order in the instant case made specific findings of fact
 regarding the pertinent issues involved, we find the family court's order in
 the instant case sufficiently complied with the requirements of Rule 26(a).   
AFFIRMED IN PART,
 REVERSED IN PART, AND REMANDED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.